**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0246, <u>Robert P. Lefevre & a. v. John J. Ingalls, Jr., Trustee of the J and L Ingalls Family Revocable Trust of 2004 & a.</u>, the court on April 11, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiffs, Robert P. Lefevre, Freida M. Lefevre, and Robert Pellegrino, appeal an order of the Superior Court (<u>Honigberg</u>, J.) entering judgment for the defendant, John J. Ingalls, Jr., trustee of the J and L Ingalls Family Revocable Trust of 2004, and awarding him $151,650.38 in damages. We affirm.

The trial court found the following facts. The parties are in a joint venture to develop land in Kingston into a residential subdivision. Under their agreement, the parties were required to combine their adjacent real estate and then subdivide the combined parcel into six lots to become Phase 1 of the development. The plaintiffs were to get three of the six lots and the defendant was to get the remaining three lots. The parties borrowed money to bond the road. As the parcels were developed and sold, the proceeds were to be paid out as set forth in the parties' agreement. Under the agreement, some of the proceeds were to be used to pay off the road bond, some would go to the lot owner, and the rest would pay any construction loan and/or pay whoever acted as the builder on that lot.

The plaintiffs sued the defendant in 2019, alleging that he owed them $104,000. The defendant counterclaimed, alleging that he should be reimbursed for certain expenses he paid on the plaintiffs' behalf. As the case proceeded to trial, each side was arguing that the other had been overpaid and asked the court to make a monetary award in their favor.

In reviewing damage awards following a bench trial, we view the evidence in the light most favorable to the prevailing party, here the defendant. <u>See</u> <u>T & M Assocs. v. Goodrich</u>, 150 N.H. 161, 164 (2003). We will overturn a damage award only if we find it to be clearly erroneous. <u>Id</u>. New Hampshire law does not require mathematical certainty in computing damages. <u>Id</u>. The law does, however, require an indication that the award of damages was reasonable. <u>Id</u>. "[T]he goal of damages in actions for breach of contract is to put the non-

breaching party in the same position it would have been in if the contract had been fully performed." Robert E. Tardiff, Inc. v. Twin Oaks Realty Trust, 130 N.H. 673, 677 (1988) (quotations omitted).

The sole issue on appeal is whether the trial court committed plain error by awarding the defendant $151,650.38 in damages when, according to the plaintiffs, his counterclaim was for only $10,000 in real estate taxes he had paid on their behalf. See Sup. Ct. R. 16-A. The plaintiffs argue that "[b]ecause this contest began with a counterclaim giving notice of the Defendant's request for $10,000 in real estate tax overpayments, the $150,000+ damages awarded for other contract damages——with no [correlative] findings——constitutes plain error that renders the proceedings grossly unfair to [the plaintiffs]."

The defendant counters that, under New Hampshire's liberal approach to pleading, the trial court reasonably considered his pretrial statement and itemized list of damages, among other pleadings, when calculating the damage award. The defendant also correctly observes that, at the close of evidence, the trial court

> discussed with the parties the issues it had to decide in the case which included who was responsible for the variable closing costs on sale, whether the [parties] share $125,000.00 per lot net of closing costs or not net of those costs, how the money was allocated, the status of the road bond[] and who is entitled to that money, the relation of the cul-de-sac with phase 2, the reduction from $50,000 to $25,000 in the re-stated Agreement, expenses and responsibilities prior to closing, property taxes on the lots, and some payments [the defendant] believes he made [on the plaintiffs'] behalf.

When asked by the trial court whether the court had "miss[ed] something obvious" with regard to the "major dollar items" that would "frame the result," the plaintiffs' representative told the trial court, "I think you pretty much covered it all." Based upon this record, the defendant contends that the damage award does not constitute plain error.

The plain error rule allows us to consider errors not brought to the attention of the trial court. Clark & Lavey Benefits Solutions v. Educ. Dev. Ctr., 157 N.H. 220, 225 (2008). "However, the rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result." Id. "For us to find error under the rule: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. (quotation omitted).

2

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned narrative order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error.  See id.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**